**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

KELLY KOERNER,

    Plaintiff,

    v.

JAMES GREG COX, *ET AL.,*

    Defendants.

3:11-cv-00116-LRH-VPC

**REPORT AND RECOMMENDATION**
**OF U.S. MAGISTRATE JUDGE**

December 8, 2011

    This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#19).[1] Plaintiff opposed (#22) and defendants replied (#24). Based on the court's thorough review of the record, it recommends defendants' motion to dismiss (#19) be denied.

### I. HISTORY & PROCEDURAL BACKGROUND

    Plaintiff Kelly Koerner ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#30). However, the allegations set forth in plaintiff's complaint pertain to events which occurred while plaintiff was an inmate at Lovelock Correctional Center ("LCC") and Ely State Prison ("ESP") (#13). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth, and Fourteenth Amendments. *Id.* Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and permitted the following claims to proceed: (1) Fourteenth Amendment due process claim against disciplinary hearing officer Steven Clark for failing to conduct a disciplinary hearing before finding plaintiff guilty of a "walk-away" from camp; (2) Fourteenth Amendment due process claims against NDOC Deputy Director James Greg Cox and NDOC Inspector General Pamela Delporto for refusing to act after plaintiff gave them information

---

[1] Refers to the court's docket number.

regarding an alleged violation of plaintiff's due process rights.[2]  *Id.*  Defendants Clark, Cox, and Delporto ("defendants") bring the instant motion.

In his complaint, plaintiff alleges that after a "confidential witness" falsely accused plaintiff of an escape plot from prison, NDOC found plaintiff guilty of a "walk-away" from camp, which he states "was impossible for [him] to perform" because he has never been to camp (#13, pp. 3-4). Plaintiff alleges that defendant Clark violated plaintiff's Fourteenth Amendment due process rights when he brought charges against plaintiff and found plaintiff guilty of a "walk-away" from camp, without affording him an investigation or a disciplinary hearing (#13). Plaintiff further claims defendants Cox and Delporto failed to respond to plaintiff's concerns about the charges, even after plaintiff gave them "copious amounts of information" about not receiving an investigation or disciplinary hearing. *Id*. at 5. While the "walk-away" charge was later dismissed, plaintiff alleges he suffered severe punishment as if the conviction remained, because he was transferred from a medium security facility at LCC to a maximum security facility at ESP, and was housed in the "hole" for two years on allegedly false charges. *Id*. at pp. 5-6.

Defendants move to dismiss plaintiff's complaint and argue that: (1) plaintiff fails to state a claim upon which relief may be granted; (2) defendants Cox and Delporto did not personally participate in the alleged due process violation; (3) defendants Cox and Delporto are entitled to qualified immunity; and (4) the Eleventh Amendment bars plaintiff's monetary claims against defendants in their official capacities (#19).

Plaintiff opposes and argues that defendants fail to address the allegation that he did not receive an investigation or a disciplinary hearing before being charged and found guilty of a "walk-away" from camp (#22, p. 1). He further claims he faced "atypical and significant hardship" when NDOC transferred him from "preferred housing" at LCC to maximum security ESP, and housed him

---

[2]  The court dismissed the following claims: (1) plaintiff's claim against inmate Charles Lewis for allegedly fabricating a story to prison staff regarding plaintiff's escape plan from prison; and (2) plaintiff's claim against investigator Timothy Tooker for failing to investigate the incident and for believing inmate Lewis's accusations about plaintiff (#12).

2

1  in the "hole" for two and a half years.[3] *Id*. Plaintiff also urges the court to consider his motion for
2  summary judgment; however, the court's analysis in a motion to dismiss is limited to the contents
3  of the complaint.[4] Fed.R.Civ.P. 12(b)(6). Plaintiff argues defendants Cox and Delporto were
4  personally involved in the due process violations because defendant Cox denied plaintiff's
5  grievances and defendants Cox and Delporto failed to correct the violations against plaintiff. *Id*. at
6  2.

7  Defendants maintain that plaintiff's complaint fails to implicate a liberty interest protected
8  by the Due Process Clause of the Fourteenth Amendment (#24, p. 1). They assert the court should
9  exclude new allegations in plaintiff's opposition which he did not allege in his complaint. *Id.* at 2.
10  Further, they state the court should not consider the exhibits which plaintiff references in his
11  opposition. *Id*.

## II. DISCUSSION & ANALYSIS

**A.  Discussion**

**1.  Screening Pursuant to 28 U.S.C. § 1915A(a)**

15  Federal courts conduct a preliminary screening in cases where an inmate seeks redress from
16  a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).
17  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous,
18  malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a
19  defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(e)(2). *Pro se* pleadings,
20  however, must be construed liberally. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
21  Cir. 1990) (citation omitted). Dismissal of a complaint on the ground that it fails to state a claim
22  upon which relief may be granted is also provided for in Federal Rule of Civil Procedure 12(b)(6),

---

[3] While in his opposition, plaintiff alleges NDOC housed him in the "hole" for two and a half years, he alleges in his complaint that the period was for two years (#13, p. 6). To the extent plaintiff alleges new facts in his opposition, the court only considers the facts alleged in his complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

[4] Plaintiff seeks to renew his motion for summary judgment because it may "provide this court with sufficient information to make a more complete and informed decision to deny defendants' motion to dismiss" (#23). The court denied plaintiff's motion to renew his motion for summary judgment in a minute order (#31).

and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or amended complaint.

The court screened this action and entered an order on April 25, 2011, finding that plaintiff presented sufficient facts to allow the Fourteenth Amendment due process claims to proceed against defendants (#12). Nevertheless, defendants now move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) (#19).

**2. Motion to Dismiss**

"A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Id*. at 555. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id*. (internal quotations and citation omitted). The "plausibility standard" does not impose a "probability requirement," rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

When considering a motion to dismiss for failure to state a claim upon which relief may be granted, the court employs a two-pronged approach. *Id*. at 1955. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. at 1949. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 1950. In other words, for the nonmovant to succeed, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Thus,

4

1  a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Grp. v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

Under section 1983, a plaintiff must allege that: (1) defendants subjected him to the deprivation of a right, privilege, or immunity guaranteed by the U.S. Constitution or federal law; and (2) defendants acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

**B.   Analysis**

    **1.   Failure to State a Due Process Claim**

        **a.   Plaintiff's Protected Liberty Interest**

Defendants move to dismiss plaintiff's due process claims and argue plaintiff fails to sufficiently state a due process claim because he has no liberty interest in where he is housed, whether he is in segregation, or in being free from false allegations (#19, p. 3). Defendants assert that procedural protections are only required when the action implicates a protected interest in some "unexpected matter" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 3 (quoting *Serrano v. Francis*, 345 F.3d 1071, 1078 (2003)).

Plaintiff alleges that defendant Clark failed to conduct a disciplinary hearing before finding plaintiff guilty of a "walk-away" from camp. *Id.* at 3. Plaintiff further claims that defendants Cox and Delporto refused to act in response to plaintiff's grievances regarding the matter. *Id*. at 5. Plaintiff asserts that while the charge was dismissed, he continued to suffer severe sanctions because NDOC moved him from medium security at LCC and placed him in the "hole" at maximum security

1  ESP for two years. *Id*. at 6.

2  The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary
3  government action by prohibiting states from depriving people of "life, liberty, or property without
4  due process of law." U.S. Const. amend. XIV. To prevail on a claim of deprivation of liberty
5  without due process of law, a plaintiff must first establish the existence of a liberty interest. *Serrano*,
6  345 F.3d at 1078.

7  Liberty interests may arise from the Constitution itself or from state law. *Hewitt v. Helms*,
8  459 U.S. 460, 466-68 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472
9  (1995). A prisoner may challenge a disciplinary action which deprives or restrains a state-created
10 liberty interest in some "unexpected manner." *Sandin*, 515 U.S. at 483-84. Here, plaintiff's alleged
11 loss of liberty interest in being placed in segregation does not satisfy this standard because "the
12 Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse
13 conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citation omitted).
14 Accordingly, because plaintiff was not confined in an unexpected manner, plaintiff's liberty interest
15 is not found in the Constitution itself.

16 However, a prisoner may challenge state action which "imposes atypical and significant
17 hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.
18 Under *Sandin*, a factual comparison must be made between the conditions in general population and
19 administrative segregation, "examining the hardship caused by the prisoner's challenged action in
20 relation to the basic conditions of life as a prisoner." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir.
21 2003). There is no single standard for this comparison; instead, courts examine the "condition or
22 a combination of conditions or factors" case by case. *Kennan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.
23 1996). Courts consider three factors in undertaking this analysis: (1) whether the challenged sanction
24 "mirrored those conditions imposed upon inmates in administrative segregation and protective
25 custody" demonstrating that the prison acted within its discretionary authority; (2) the duration of
26 the sanction; and (3) whether the sanction will affect the length of the prisoner's sentence. *Serrano*,
27 345 F.3d at 1078.

Here, plaintiff's allegations primarily address factor two of the three-factor inquiry, the

6

duration of the condition or sanction. Plaintiff claims that he "suffers incredibly harsh and severe punishment . . . by being housed [sic] from a medium security facility to a maximum security facility," and being placed "in the hole for two years on false charges" (#13, p. 6). The Ninth Circuit has held that two years in disciplinary segregation is "most significant" and stated that "the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards." *Ramirez v. Galaza*, 334 F.3d 850, 856-59 (9th Cir. 2003) (directing a district court to consider two-year duration of administrative segregation in determining whether placement imposed an atypical and significant burden); *see also Hutto v. Finney*, 437 U.S. 678, 686 (1978) (holding that the length of segregation must be considered in determining if segregation meets constitutional standards). Because plaintiff alleges that he remained in segregation for two years, he satisfies the second *Sandin* factor.

Moreover, in its order (#12) in which it screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), the court already determined that plaintiff states a due process claim upon which relief may be granted. The court will not reconsider its finding in this regard, because the standard for review on screening under § 1915 is the same standard under Rule 12(b)(6). Accepting plaintiff's allegations as true and construing them in a light most favorable to plaintiff, plaintiff states sufficient factual allegations to plausibly allege that he had a liberty interest where his placement in segregation amounted to an "atypical or significant hardship."

**b. Due Process Requirements**

"If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d 850 (citing *Sandin*, 515 U.S. at 484). When a prisoner faces disciplinary charges, prison officials must provide the prisoner with: (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witness would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Before a prisoner is administratively segregated, due process requires that he receive "some

1  notice" of the charges and "an opportunity to present his views to the prison official charged with
2  deciding whether to transfer him to administrative segregation." *Hewitt*, 459 U.S. at 476. "[T]he
3  requirements of due process are satisfied if some evidence supports the decision by the prison
4  disciplinary board . . . ." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *see also Toussaint v.*
5  *McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991). Plaintiff alleges there was never an investigation
6  or a proper disciplinary hearing for his disciplinary charge, that the evidence used against him was
7  inadequate, and that defendants failed to follow prison procedure before charging plaintiff (#13, p.
8  3). Defendants do not dispute these assertions. Defendants argue that because plaintiff's claims do
9  not implicate a liberty interest, plaintiff is not entitled to procedural protections under the due
10 process clause (#19, p. 3). Plaintiff plausibly alleges that he was not afforded proper procedural
11 protections before placement in segregation. The court recommends defendants' motion to dismiss
12 (#19) plaintiff's due process claim on the basis of a lack of a liberty interest be denied.

### 2. Personal Participation

Defendants claim this action should be dismissed against defendants Delporto and Cox because they did not personally participate in the alleged due process violation (#19, p. 8). Liability under section 1983 must be based on the personal involvement of the defendant. 42 U.S.C. § 1983. Under § 1983, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participated in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). "A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984)).

Plaintiff alleges that he informed defendants Cox and Delporto of the alleged due process violation and that they failed to act (#13, p. 5). Taking the facts alleged in plaintiff's complaint as

1  true, plaintiff sufficiently alleges that defendants Cox and Delporto knew of the alleged due process
2  violation and failed to act to prevent it.  Moreover, the court already determined on screening that
3  plaintiff states a due process claim against defendants Cox and Delporto (#12).  That is not to say
4  defendants may not be successful in asserting a lack of personal participation in a properly supported
5  motion for summary judgment.  However, at this juncture, the court's analysis is confined to the
6  allegations in plaintiff's complaint, and the allegations regarding defendants Cox and Delporto's
7  involvement in the alleged constitutional violation are sufficient to withstand a motion to dismiss.
8  The court recommends defendants' motion to dismiss (#19) based on a lack of personal participation
9  be denied.

### 3. Qualified Immunity

Defendants argue that defendants Cox and Delporto should be dismissed from this action pursuant to the doctrine of qualified immunity (#19, p. 10).  "[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation and internal quotation marks omitted). When a state official reasonably believes his or her acts were lawful in light of clearly established law and the information they possessed, the official may claim qualified immunity.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam); *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir. 2001).  Where "the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *abrogated on other grounds by Pearson*, 555 U.S. 223 (2009) ("while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory").

In analyzing whether a defendant is entitled to qualified immunity, the court must consider: (1) whether the plaintiff alleges a deprivation of a constitutional right, assuming the truth of his factual allegations; and (2) whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct.  *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (2010) (quoting *Pearson*, 555 U.S. 223).

In the context of a motion to dismiss, factual allegations are taken as true and are construed

in the light most favorable to the nonmoving party. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation omitted). First, plaintiff alleges the violation of a clearly established right – that defendants denied him proper procedural protections prior to his placement in segregation for two years, which imposed an atypical and significant hardship in relation to the ordinary incidents of prison life (#13). Second, a reasonable official would know that placing an inmate in segregation under circumstances which amount to an atypical and significant hardship without due process violates plaintiff's clearly established constitutional right under the Fourteenth Amendment. *See Anderson v. Creighton*, 483 U.S. 635, 628 (holding that the right to due process of law is clearly established by the Due Process Clause). At this stage in the litigation, defendants' qualified immunity defense is not viable. That is not to say defendants might not be successful in asserting qualified immunity as a defense in a properly supported motion for summary judgment. The court recommends defendants' motion to dismiss defendants Cox and Delporto based on qualified immunity (#19) be denied.

**4. Eleventh Amendment Immunity**

Defendants argue that to the extent plaintiff asserts claims against them under 42 U.S.C. § 1983 in their official capacities for damages, they should be dismissed from this action pursuant to the Eleventh Amendment (#19, p. 10). The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity . . . against one of the United States by Citizens of another State . . . ." U.S. Const. amend XI. The Supreme Court has held that a suit against a state official in his or her official capacity is not suit against that official, but rather a suit against the official's office; therefore, an official acting in his or her official capacity is not a "person" under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the state and its officials are not considered "persons" within the meaning of section 1983, "they cannot be held liable under the statute for money damages." *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003). Plaintiff names defendants in their official and individual capacities and requests monetary damages (#13). Therefore, to the extent that plaintiff seeks monetary damages against defendants in their official capacities, these claims should be dismissed with prejudice.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends defendants' motion to dismiss (#19) plaintiff's due process claim regarding prison officials' failure to administer proper procedural safeguards with respect to his confinement in segregation be **GRANTED** in part and **DENIED** in part.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#19) be **GRANTED** in part and **DENIED** in part as follows:

1. Defendants' motion to dismiss defendants in their official capacities based on Eleventh Amendment immunity should be **GRANTED**, and plaintiff's monetary damages claims against defendants in their official capacities should be **DISMISSED with prejudice**; and

2. Defendants' motion to dismiss based on plaintiff's failure to state a claim, defendants' lack of personal participation, and qualified immunity should be **DENIED without prejudice.**

**DATED:** December 8, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**