**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

KELLY KOERNER,                )        3:11-CV-0116-LRH (VPC)
                              )
      Plaintiff,        )
                              )        **ORDER**
  vs.                         )
                              )
JAMES GREG COX, et al.,       )
                              )
      Defendants.       )
_____)

      Plaintiff has filed a motion to recuse (#79), seeking to have the undersigned removed from this action. Recusal is governed by 28 U.S.C. §§ 144 and 455. Plaintiff's affidavit must set forth facts and reasons for the belief that bias or prejudice exists. 28 U.S.C. § 144. The standard for recusal under Sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id.* The challenged judge should rule on the legal sufficiency of a recusal motion in the first instance. *Id.* at 939.

      Plaintiff's allegations do not meet the sufficiency requirement of Section 144. See 28 U.S.C. § 144 (Party must file timely affidavit setting forth facts and reasons for the belief that bias or prejudice exists). Plaintiff's allegations of prejudice do not result from an extrajudicial source. Plaintiff has shown no reason for this judge's impartiality to be questioned.

      IT IS THEREFORE ORDERED that plaintiff's motion to recuse (#79) is **DENIED**.

      DATED: March 26, 2013.

*Valerie P. Cooke*
_____
UNITED STATES MAGISTRATE JUDGE