# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KELLY KOERNER,

    Plaintiff,

vs.

JAMES GREG COX, et al.,

    Defendants.

3:11-CV-0116-LRH (VPC)

**ORDER**

Plaintiff has filed a second motion for recusal of magistrate judge (#81) and a supplement (#84). Defendants filed an opposition (#87), and plaintiff replied (#88). Recusal is governed by 28 U.S.C. §§ 144 and 455. Plaintiff's affidavit must set forth facts and reasons for the belief that bias or prejudice exists. 28 U.S.C. § 144. The standard for recusal under Sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id.* The challenged judge should rule on the legal sufficiency of a recusal motion in the first instance. *Id.* at 939.

Plaintiff's allegations do not meet the sufficiency requirement of Section 144. See 28 U.S.C. § 144 (Party must file timely affidavit setting forth facts and reasons for the belief that bias or prejudice exists). Plaintiff's allegations of prejudice do not result from an extrajudicial source. Plaintiff shown no reason for this judge's impartiality to be questioned.

IT IS THEREFORE ORDERED that plaintiff's second motion to recuse (#81) is **DENIED**.

DATED: May 6, 2013.

                                                      /s/ Valerie P. Cooke
                                                      UNITED STATES MAGISTRATE JUDGE