## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| KELLY KOERNER, | ) | 3:11-cv-00116-LRH-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MINUTES OF THE COURT** |
| v. | ) | |
| | ) | |
| JAMES GREG COX, *et. al.*, | ) | |
| | ) | August 14, 2013 |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:   <u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: _____<u>LISA MANN</u>_____   REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>_____

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>_____

**MINUTE ORDER IN CHAMBERS:**

      Before the court is defendants' motion to strike plaintiff's cross-motion for summary judgment (#85).[1]   Plaintiff did not file an opposition.   Defendants ask the court to strike plaintiff's cross-motion for summary judgment (#82) on the ground that plaintiff filed this document after the time for filing dispositive motions had passed.

      A federal court has inherent authority to regulate the conduct of those appearing before it and to manage the administration of its business.  *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995).  The court notes that the deadline for filing dispositive motions in this case was December 14, 2012 (#57).  However, plaintiff did not file his cross-motion for summary judgment (#82) until April 11, 2013.  Although plaintiff received numerous extensions of time to file his opposition to defendants' motion for summary judgment (#73), the court did not grant plaintiff an extension of time to file his own dispositive motion.  Accordingly, defendants' motion to strike plaintiff's cross-motion for summary judgment (#85) is hereby **GRANTED**.

      **IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:_____/s/_____
          Deputy Clerk

_____
[1] Refers to the court's docket numbers.

1