UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | | |
|---|---|---|
| KELLY KOERNER, | ) | |
| Plaintiff, | ) | 3:11-cv-00116-LRH-VPC |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JAMES GREG COX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiff Kelly Koerner's Objection (#99[1]) to the Magistrate Judge's rulings pursuant to Local Rule IB 3-1. Defendants filed a response (#100), and Koerner filed a reply (#101) and a supplement to the reply (#104). Koerner's Objection seeks reconsideration of the Magistrate Judge's rulings (##80, 90, 98) denying Koerner's motions for recusal of the Magistrate Judge.

The Magistrate Judge's denials of Koerner's motions for recusal operate as final determinations of pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1-3. Accordingly, a district judge may reconsider the Magistrate Judge's order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a).

Having considered the parties' briefing, the court concludes that the Magistrate Judge's denials of Koerner's motions for recusal are neither clearly erroneous nor contrary to law. Koerner's objection rests ultimately on four adverse rulings: first, that the Magistrate Judge

---

[1] Refers to the court's docket entry number.

1  denied him additional time to respond to Defendants' Motion for Summary Judgment and
2  commented that Defendants "don't have any money"; second, that the Magistrate Judge denied
3  him access to "rules and contracts" governing mediation and ombudsman programs; third, that
4  the Magistrate Judge denied his request for reconsideration of an earlier motion for recusal; and
5  fourth, that the Magistrate Judge denied his request for an evidentiary hearing.

6  Under 28 U.S.C. § 455, a Magistrate Judge "shall disqualify [her]self in any proceeding
7  in which [her] impartiality might reasonably be questioned." The court asks whether "a
8  reasonable person with knowledge of all the facts would conclude that the judge's impartiality
9  might reasonably be questioned." *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000).
10 As a general rule, the judge's impartiality must be inferred from "extrajudicial" sources—sources
11 other than rulings and conduct during the course of the proceeding. *Clemens v. U.S. Dist. Court*
12 *for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005). "Rumor, speculation, beliefs,
13 conclusions, innuendo, suspicion, opinion, and similar non-factual matters" do not suffice to
14 require § 455 recusal. *Id*.

15 Here, Koerner's recusal motions uniformly stem from the Magistrate Judge's rulings and
16 remarks during judicial proceedings. Yet these rulings were not clearly erroneous or contrary to
17 law; nor do they display "a deep-seated favoritism or antagonism that would make fair judgment
18 impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, Koerner has failed to
19 demonstrate that recusal is required. For example, the Magistrate Judge's refusal to extend
20 Koerner's time to respond from an already-lengthy 127 days to a longer period—where Koerner
21 continued to file numerous documents with the court—was a proper exercise of her discretion.
22 Nor did the Magistrate Judge's remark during settlement negotiations that Defendants "don't
23 have any money" demonstrate an antagonism that would make fair judgment impossible. Indeed,
24 "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile
25 to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id*.

26 Koerner's remaining arguments are similarly without merit. In particular, they evidence
27 an intent to turn his case into a collateral attack on either Defendants' independent settlement
28 efforts or on the court's mediation efforts. For instance, Koerner has cited no authority, and the

court can find none, supporting the notion that Koerner is entitled to the "contracts" governing Defendants' informal settlement efforts.

IT IS THEREFORE ORDERED that Koerner's Objection to the Magistrate Judge's rulings (#99) is OVERRULED.

IT IS SO ORDERED.

DATED this 13th day of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE